EOD 7-9-03

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

FILED

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL - 9 2003

DAVID J. MALAND, CLERK

BY
DEPUTY _____

| | | |
|---|---|---|
| ELECTRONIC DATA SYSTEMS CORPORATION | § § § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 4:02 CV 225 |
| | § | |
| FRED G. STEINGRABER | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Electronic Data Systems Corporation's ("EDS") Motion to Compel (1) Databases and other Documents Related to the Analytical Charts Steingraber Provided to EDS; and (2) Identification of Fact Witnesses (Docket No. 43). With regard to EDS' motion to compel the databases and other documents related to the analytical charts Steingraber provided to EDS, the Court finds that it should be **DENIED WITHOUT PREJUDICE** to refiling same after the October 6, 2003 expert designation date. As to EDS' motion to compel the identification of fact witnesses, the Court finds that it should be **DENIED**.

### BACKGROUND

Defendant Fred Steingraber ("Steingraber") retained a forensic accountant to analyze his expense reports to ATK and outside boards on which he served between January 1, 1995 and August 5, 2002. Based on the forensic accountant's work, Steingraber's counsel prepared two charts: one itemizing the errors that resulted in double billing and the other listing mathematical errors that resulted in Steingraber under-requesting expenses. On April 2, 2003, Steingraber sent a latter to Gil Friedlander, General Counsel for EDS, attaching the charts prepared by his counsel and enclosing a check for $22,259.02 as restitution for the mistakenly reimbursed expenses. On April 25, 2003, EDS wrote to Steingraber's counsel requesting the production of "any database or other documents" related to the forensic accountant's analysis. Steingraber's counsel declined the request on May 7,

58

2003. In the instant motion, EDS seeks to compel discovery of the forensic accountant's "databases and other documents related to the analytical charts."

In his Rule 26 Disclosures, Steingraber listed 59 "persons with knowledge of relevant facts." Subsequently, in its First Set of Interrogatories to Steingraber, EDS asked Steingraber to identify individuals who have been interviewed concerning the relevant allegations in the case. *See* Inter. No. 11.   Steingraber has refused to produce a list of the witnesses interviewed.   In the instant motion, EDS seeks to compel the identity of witnesses who have been interviewed by Steingraber's counsel.

### DATABASES AND OTHER DOCUMENTS RELATED TO THE ANALYTICAL CHARTS STEINGRABER PROVIDED TO EDS

Steingraber has until October 6, 2003 to designate testifying experts and produce expert reports. Accordingly, EDS' attempt to discover the expert's database and "expert file materials" four months before the designation of expert's date is premature. If Steingraber decides to designate the forensic accountant as a testifying expert he will have to produce the expert's report and all documents the expert relied on. The Court further finds that there are no exceptional circumstances or substantial need in this case. Thus, as to EDS' motion to compel the databases and other documents related to the analytical charts Steingraber provided to EDS is **DENIED WITHOUT PREJUDICE** to refiling same after the October 6, 2003 expert designation date.

### IDENTIFICATION OF FACT WITNESSES

Steingraber objected to disclosure of the information sought by defendant in Interrogatory No. 11 based on the protections afforded under the attorney work product doctrine. Federal Rule of Civil Procedure 26(b)(3), which codifies the doctrine, provides in pertinent part that:

> a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

FED. R. CIV. P. 26(b)(3); *see Hickman v. Taylor*, 329 U.S. 495 (1947) (work product protection is afforded to materials that "reveal an attorney's strategy, intended lines of proof, evaluation of strengths or weaknesses, and inferences drawn from interviews.").

Steingraber argues that the interrogatory at issue seeks to discover the identities of those persons defendant has selected to interview in their pretrial investigation which, in defendant's view, is protected under the doctrine. EDS counters that the interrogatory is only seeking the names of the witnesses interviewed by counsel who have knowledge of the facts alleged in the pleadings. Thus, EDS contends the interrogatory does not require Steingraber to reveal his investigatory strategy.

Whether the information sought by defendant in this case is protected as work product is unclear. Both parties cite non-binding case law in support of their respective positions. *Compare In re Aetna Inc. Sec. Litig.*, 1999 WL 354527 (E.D. Pa. 1999)(quoting FED. R. CIV. P. 26(b)(3))(finding the names of individuals not protected by the work product doctrine because "[t]he disclosure of the names and addresses of those individuals interviewed . . . will not reveal the 'mental impressions, conclusions, opinions, or legal theories of [plaintiffs'] attorneys.'"); *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631 (N.D. Ga. 2002) (same) *with In re MIT Techn. Corp. Sec. Litig.*, 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. 2002) (finding that the "identification of individuals that are linked to the very special factual contentions in the [complaint] . . . would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witness with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint."); *In re Ashworth Inc. Sec. Litig.*, 213 F.R.D. 385 (S.D. Cal. 2002) (same). The Court finds the rationale in *In re Ashworth Inc. Sec. Litig.* and *In re MIT Tech. Corp. Sec. Litig.* persuasive. The Court finds that revealing the identity of witnesses interviewed would permit opposing counsel to infer which witnesses counsel considers important, thus, revealing mental impressions and trial strategy. *See,*

3

*e.g., Laxalt v. McClatchy,* 116 F.R.D. 438, 443 (D. Nev. 1987). Such evaluations and strategies are at the heart of the work product rule.

This does not end the Court's analysis. Disclosure may be required if the party seeking discovery shows a substantial need of the materials and that it is unable to obtain the equivalent without undue hardship. FED. R. CIV. P. 26(b)(3); *see also Hickman*, 329 U.S. at 511-12. EDS claims that they have shown substantial need and will be unable to obtain the information without undue hardship. The Court disagrees. Steingraber has listed 59 potential witnesses. Thus, unlike the cases EDS cites in support of its argument, the number of potential witnesses is "not even close [to] unmanageable." *In re MIT Tech. Sec. Litig.,* 2002 U.S. Dist at *12-13. Further, most of the potential witnesses are former or current employees of EDS/ATK and, thus, EDS is in the best position to know what information these individuals may have. *Id.* at 13-14. Accordingly, EDS has not shown that there is either a need for the particular information sought, beyond reducing costs, or that it will face an undue hardship without Steingraber's identification of witnesses interviewed.

## CONCLUSION

For the foregoing reasons, the Court finds EDS' motion to compel the databases and other documents related to the analytical charts Steingraber provided to EDS should be **DENIED WITHOUT PREJUDICE** to refiling same after the October 6, 2003, expert designation date. As to EDS' motion to compel the identification of fact witnesses, the Court finds that it should be **DENIED**.

**IT IS SO ORDERED.**

4

**SIGNED** this _____7_____ day of ~~June~~ July 2003.

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE